UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMING SONG,

                Plaintiff,

        -v-

XAVIER BECERRA, Secretary, FDA Agency, HHS: Dept. of Health & Human Services,

                Defendant.

22 Civ. 9678 (JPC)

ORDER OF SERVICE

JOHN P. CRONAN, United States District Judge:

    Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297, alleging that his employer discriminated against him based on his race, color, religion, sex, and national origin. By order dated November 23, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. 5.

    As set forth below, the Court (1) directs service on Defendant Secretary Xavier Becerra, (2) denies without prejudice Plaintiff's request for the appointment of *pro bono* counsel, and (3) denies Plaintiff's request to add Dominque Stutts as a defendant.

## I. DISCUSSION

**A. Order of Service**

    To allow Plaintiff, who is proceeding IFP, to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and

(2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B. *Pro Bono* Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice, possibly to be renewed at a later date.

**C. Dominique Stutts**

Plaintiff requests leave to amend his complaint to add as a defendant his supervisor, Dominique Stutts. The Court denies this request because Plaintiff cannot assert claims against this individual in this lawsuit.

Plaintiff cannot bring claims against his supervisor under Title VII or the ADEA because neither statute provides for any individual liability. *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004) (Title VII); *Jones v. New York City Dep't of Educ.*, 286 F. Supp. 3d 442, 447 (E.D.N.Y. 2018) (ADEA). Plaintiff also cannot bring state law claims against this individual under the NYSHRL because Title VII and the ADEA provide the exclusive, preemptive judicial remedy for claims of discrimination in federal employment. *See Brown v. Gen. Servs. Admin.*, 425

U.S. 820, 828–29, 833–34 (1976); *see also Mitchell v. Chao*, 358 F. Supp. 2d 106, 112 (N.D.N.Y. 2005) ("[T]he ADEA provides the exclusive remedy for federal employees who allege age discrimination."). The Court therefore denies Plaintiff's request to add Stutts as a defendant and dismisses any claim he seeks to assert under the NYSHRL. *See, e.g., Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998) (dismissing federal employee's claims under the NYSHRL as preempted by Title VII, holding that permitting the plaintiff to sue his supervisors would allow him "to evade the holding of *Brown* that Title VII provides the sole remedy for federal employees alleging employment discrimination").

## II. CONCLUSION

The Clerk of Court is instructed to fill out a USM-285 form for Defendant Secretary Becerra. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States.

The Court denies without prejudice Plaintiff's request for the appointment of counsel. Dkt. 3.

The Court denies Plaintiff's request to add Stutts as a defendant and dismisses any claim he seeks to assert under the NYSHRL.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 13, 2022
         New York, New York

                                                      JOHN P. CRONAN
                                       United States District Judge

4

**DEFENDANTS AND SERVICE ADDRESSES**

1. Secretary Xavier Becerra
   U.S. Department of Health & Human Services
   200 Independence Avenue, S.W.
   Washington, D.C. 20201

2. Merrick Garland
   U.S. Attorney General
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001

3. United States Attorney's Office
   Southern District of New York
   Civil Division
   86 Chambers Street / 3rd Floor
   New York, NY 10007